UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV 14-2516-JLS (KKx)                                     Date:  February 26, 2015
Title: Richard Sinohui v. CEC Entertainment, Inc.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                                                     N/A
    Deputy Clerk                                                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                                           Not Present

**PROCEEDINGS:   (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 12)**

Before the Court is a Motion to Remand Action to State Court filed by Plaintiff Richard Sinohui.  (Mot., Doc. 12.)  Defendant CEC Entertainment, Inc. opposed, and Plaintiff replied.  (Opp., Doc. 15; Reply, Doc. 17.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15.  Accordingly, the hearing set for February 27, 2015, at 2:30 p.m. is VACATED.  For the following reasons, the Court DENIES the Motion.

## I.  BACKGROUND

On October 10, 2014, Plaintiff Richard Sinohui filed this putative class action suit in Riverside County Superior Court against Defendant CEC Entertainment, Inc.  (Compl., Doc. 1-2.)  Sinohui alleges that CEC improperly classified him and other similarly situated employees as exempt and thus violated the California Labor Code when it failed to (1) pay them overtime for all overtime hours worked, (2) provide meal and rest periods, (3) provide accurate itemized wage statements, (4) reimburse for business expenses, and (5) timely pay wages upon separation from employment.  (Id. ¶ 6.)  Sinohui alleges that this conduct also violates California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.  (Id. ¶¶ 139-147.)

On December 5, 2014, CEC removed the case to this Court on the basis of both diversity jurisdiction and the Class Action Fairness Act.  (Notice of Removal, Doc. 1, ¶¶ 6-28, 29-38.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  EDCV 14-2516-JLS (KKx) | Date:  February 26, 2015 |
| Title: Richard Sinohui v. CEC Entertainment, Inc. | |

On December 30, 2014, Sinohui filed the instant Motion to Remand, arguing that CEC has not established that the Court possesses jurisdiction over this matter on either basis.  (Mot.)  Sinohui also requests attorneys' fees on the grounds that CEC's removal of this action lacked any "objectively reasonable basis."  (Mot. at 11-12.)

## II.     LEGAL STANDARD

When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).  On a motion to remand, the Court "consider[s] facts presented in the removal petition as well as any summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Valdez v. All State Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (internal citations and quotation marks omitted).  The Court weighs Defendant's evidence against any countervailing evidence showing that the amount in controversy falls below $75,000.  *See Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 137 n.9 (1997) (When applying the preponderance standard, a court considers "how convincing the evidence in favor of a fact [is] in comparison with the evidence against it before that fact may be found.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 14-2516-JLS (KKx)                          Date:  February 26, 2015
Title: Richard Sinohui v. CEC Entertainment, Inc.

### III.    DISCUSSION

Sinohui argues that remand is proper because CEC has failed to demonstrate that the amount in controversy in this matter exceeds the $5,000,000 jurisdictional minimum under CAFA.  (Mot. at 2.)  As CEC notes, however, Sinohui's Motion ignores its alternate basis for removal – diversity jurisdiction.  (Opp. at 4; Notice of Removal ¶¶ 29-38.)

Diversity jurisdiction exists where all plaintiffs are diverse from all defendants and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  While the Complaint does not properly specify either party's citizenship, CEC demonstrates in its Notice of Removal that it is a citizen of Kansas and Texas while Sinohui – the sole named Plaintiff – is a citizen of California.  (Notice of Removal ¶¶ 9-13; *see also* Decl. of David A. Deck, Doc. 1-5, ¶¶ 2-4; Decl. of Lindsey Thomas, Doc. 1-6, ¶ 12.)  Sinohui does not address this in his Motion or Reply.  Accordingly, the Court finds CEC has adequately demonstrated that diversity of citizenship exists.  *See, e.g.*, *Bashir v. Boeing Co.*, 245 F. App'x 574, 575 (9th Cir. 2007) (noting that the party seeking removal bears the burden of establishing by a preponderance of the evidence that the diversity of citizenship).

As to the amount in controversy, Sinohui's Complaint does not allege an amount in controversy.  In its Notice of Removal, however, CEC provides data and calculations showing that Sinohui's Complaint puts into controversy at least $89,606.60 as to him individually, consisting of $62,961.60 in unpaid overtime, $3,923.10 in waiting time penalties, $1,450 in inaccurate wage statement penalties, $9,156 in missed meal break penalties, $9,156 in missed rest break penalties, and $3,000 in Private Attorney General Act penalties.  (Notice of Removal ¶¶ 31-38.)  This figure does not include CEC's potential liability for unreimbursed business expenses, liquidated damages, or attorneys' fees.  (Id. ¶ 38.)  Once again, Sinohui fails to address these calculations or provide any evidence to the contrary.[1]  Accordingly, the Court finds CEC has adequately

---

[1] In arguing that CEC has not demonstrated that CAFA's $5 million amount in controversy requirement is met, Sinohui attacks CEC's assumption that an average general manager worked 55 hours per week.  (Mot. at 7-8.)  To the extent this objection can be construed as *also* applying to CEC's calculation of the amount in controversy as to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  EDCV 14-2516-JLS (KKx) | Date:  February 26, 2015 |
| Title: Richard Sinohui v. CEC Entertainment, Inc. | |

demonstrated that more than $75,000 is in controversy.  *See Guglielmino*, 506 F.3d at 699 (applying a preponderance of the evidence standard to the amount in controversy where the state-court complaint does not allege a specific amount of damages).

Sinohui's sole objection to CEC's removal of this action on diversity grounds comes in his Reply, in which he argues that "given that the present action is a class action, there is only one relevant standard to meet to justify the . . .[C]ourt's jurisdiction over this matter so long as it remains a class action . . . [t]he Class Action Fairness Act." (Reply at 13.)  This objection is misplaced; nothing in CAFA prevents a defendant from removing a putative class action on the basis of diversity jurisdiction, in which case the Court looks only to the named parties to determine whether jurisdiction exists.  *See Pruell v. Caritas Christi*, 645 F.3d 81, 83 (1st Cir. 2011) ("The usual rule in class actions is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims"); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 941 (9th Cir. 2001) ("[A] class action, when filed, includes only the claims of the named plaintiff or plaintiffs.  The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23.").

In sum, CEC has met its burden of demonstrating that removal is proper on the basis of diversity jurisdiction.  The Court therefore need not reach Sinohui's contention that CEC has failed to establish that jurisdiction is proper under CAFA.  Accordingly, Sinohui's request for attorneys' fees also is denied.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

---

Sinohui's individual claims, it fails.  The Complaint alleges that general managers "consistently worked over ten (10) hours per work period . . . ."  (Compl. ¶ 68.)  This allegation, taken together with the declaration and supporting documentation from CEC's Regional Human Resources Manager that general managers typically worked 50-60 hours per week, is sufficient to establish by a preponderance of the evidence that the Complaint places into controversy up to 20 hours per week in unpaid overtime as to Sinohui. (Lindsey Decl. ¶ 11; id., Ex. A.)  *See Guglielmino*, 506 F.3d at 699 ("[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,] . . . we apply a preponderance of the evidence standard.").

---

| | |
|---|---|
| **CIVIL MINUTES – GENERAL** | 4 |

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  EDCV 14-2516-JLS (KKx)                                        Date:  February 26, 2015
Title: Richard Sinohui v. CEC Entertainment, Inc.

### IV.     <u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES the Motion.

                                                                         Initials of Preparer: tg