Case No. EDCV 14-2516-JLS (KKx)            Date: March 25, 2015
Title: Richard Sinohui v. CEC Entertainment, Inc.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                       Not Present

**PROCEEDINGS:**    **(IN CHAMBERS) ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (Doc. 13)**

      Before the Court is a Motion to Dismiss filed by Defendant CEC Entertainment, Inc. (Mot., Doc. 13.) Plaintiff Richard Sinohui opposed, and CEC replied. (Opp., Doc. 16; Reply, Doc. 18.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearing set for March 27, 2015, at 2:30 p.m. is VACATED. For the following reasons, the Motion is GRANTED IN PART and DENIED IN PART.

## I.    BACKGROUND

      On October 10, 2014, Plaintiff Richard Sinohui filed this putative class action against Defendant CEC Entertainment, Inc. in Riverside County Superior Court. (Compl., Doc. 1-2.) On December 5, 2014, CEC removed the case to this Court. (Notice of Removal, Doc. 1.)

      Sinohui worked as a General Manager at CEC's Chuck E. Cheese's restaurant in Murrieta from March 2012 to May 2014. (Compl. ¶ 8.) During that time period, Sinohui alleges CEC misclassified him as an exempt employee. (Id.) Sinohui alleges that "[t]he obligations and responsibilities of [the] General Manager position are virtually identical" to that of an employee and that as a General Manager he "performed the duties of [a] restaurant employee[]." (Id. ¶¶ 9, 11.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  EDCV 14-2516-JLS (KKx)                                    Date:  March 25, 2015
Title: Richard Sinohui v. CEC Entertainment, Inc.

As a result of this alleged misclassification, Sinohui claims CEC violated the California Labor Code by failing to pay overtime for all overtime hours worked, provide meal periods, provide rest periods, provide accurate itemized wage statements, reimburse for business expenses, and timely pay wages upon separation from employment.  (Id. ¶¶ 39-105.)  In addition, Sinohui asserts claims against CEC for civil penalties under the Private Attorneys General Act, Cal. Lab. Code § 2698 *et seq.* and for violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.  (Id. ¶¶ 106-147.)

On January 9, 2015, CEC filed the instant Motion to Dismiss.  (Mot.)  CEC contends Sinohui's meal and rest break claims must be dismissed under Federal Rule of Civil Procedure 12(b)(6) because they "simply recite statutory requirements and boilerplate allegations without any factual content."  (Id. at 2.)  Additionally, CEC moves to dismiss Sinohui's PAGA and UCL claims to the extent they are derivative of his meal and rest break claims.  (Id.)

## II.    LEGAL STANDARD

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party.  *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus, a complaint must (1) "contain sufficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 14-2516-JLS (KKx)                                    Date: March 25, 2015
Title: Richard Sinohui v. CEC Entertainment, Inc.

allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

## III. DISCUSSION

### A. Meal and Rest Break Claims – Claims 2 and 3

CEC first moves to dismiss Sinohui's second and third claims, which concern CEC's alleged failure to provide Sinohui with meal and rest breaks. (Compl. ¶¶ 59-83.) CEC argues Sinohui fails to state a claim because the Complaint simply "makes boilerplate allegations and recites statutory language" and "fails to allege any actual facts regarding purportedly missed meal and rest breaks, let alone any practice of impeding or discouraging Sinohui from taking them." (Mot. at 5-6.)

To support his meal break claim, Sinohui recites the relevant statutes and then alleges: that class members "consistently worked over five (5) hours per work period, and therefore, were entitled to a meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment"; that class members "consistently worked over ten (10) hours per work period, and therefore, were entitled to a second meal period of not less than thirty (30) minutes"; that class members "did not waive their meal periods" or enter into "any written agreement . . . agreeing to an on-the-job paid meal period"; and that CEC "implemented a uniform policy and procedure in which Plaintiff and members of the Class were not provided required meal periods." (Compl. ¶¶ 67-71.)

Similarly, to support his rest break claim, Sinohui recites the relevant statutes and then alleges: that class members "consistently worked over four (4) hours per shift and therefore were entitled to a rest period of not less than ten (10) minutes prior to exceeding four (4) hours of employment"; that CEC "failed to authorize and permit the required rest periods and incorrectly considered the members of the Class to be exempt from rest period requirements established by Labor Code §516 and Section 12 of the IWC Wage Order." (Id. ¶¶ 78-80.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 14-2516-JLS (KKx)                                    Date: March 25, 2015
Title: Richard Sinohui v. CEC Entertainment, Inc.

The Court agrees with CEC that the above allegations fail to allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Notably, Sinohui never alleges at least one meal or rest break where he worked through the break and was not paid for that time. Instead, Sinohui largely recites the statutory elements of the meal and rest break claims and then repeats those elements as his factual allegations. While the Court must accept as true all factual allegations in the complaint and draw all inferences in the non-moving party's favor in evaluating a Rule 12(b)(6) motion, the Court is not required to accept "legal conclusion[s] couched as [] factual allegations" and "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663, 678. By merely reciting the applicable statutes for each cause of action and then making conclusory claims repeating the statutory language, Sinohui's meal and rest break claims do not cross "the line from conceivable to plausible." *Twombly*, 550 U.S. at 547; *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 (9th Cir. 2014), *as amended* (Jan. 26, 2015) (affirming the dismissal of wage-and-hour claims where the plaintiff presented "generalized allegations asserting violations of the minimum wage and overtime provisions"); *see also Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012).

Accordingly, the Court GRANTS CEC's Motion as to Sinohui's second and third claims, which are DISMISSED WITHOUT PREJUDICE.

### B.     PAGA and UCL Claims – Claims 7 and 8

CEC next seeks to dismiss Sinohui's sixth and seventh claims, brought under PAGA and the UCL, to the extent that they are derivative of Sinohui's meal and rest break claims. (Mot. at 8.)

As the meal and rest break claims have been dismissed, Sinohui cannot assert PAGA and UCL claims on those bases. Nevertheless, Sinohui's PAGA and UCL claims also derive from other claims that are not affected by this Order, including failure to pay overtime for hours worked, failure to provide accurate itemized wage statements, failure to reimburse for business expenses, and failure to timely pay wages upon separation from employment. (Compl. ¶¶ 13, 39-58, 84-105; Opp. at 4.) Because Sinohui's PAGA and UCL claims may remain viable on these bases, the Court declines to confuse the record

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 14-2516-JLS (KKx)	Date: March 25, 2015
Title: Richard Sinohui v. CEC Entertainment, Inc.

by formally dismissing them in part. Accordingly, the Motion is DENIED as to them. It is sufficient to state that so long as Sinohui's standalone meal and rest break claims remain dismissed, he cannot recover for those violations under PAGA and the UCL.

## IV.     CONCLUSION

For the foregoing reasons, CEC's Motion is GRANTED IN PART and DENIED IN PART. The Motion is GRANTED as to Sinohui's meal and rest break claims, which are DISMISSED WITHOUT PREJUDICE. The Motion is DENIED as to Sinohui's PAGA and UCL claims. Sinohui shall file any amended complaint within **21 days** of this Order.