UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 14-2516-JLS (KKx)** | Date | May 11, 2016 |
| Title | *Richard Sinohui v. CEC Entertainment, Inc.* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Denying Defendant's Motion to Compel [Dkt. 61]

## I.
## SUMMARY OF RULING

On April 14, 2016, Defendant CEC Entertainment, Inc. ("Defendant") filed a Motion to Compel Responses to Requests for Production of Documents and Interrogatories ("Motion to Compel") and a Joint Stipulation. Defendant seeks to compel Plaintiff Richard Sinohui ("Plaintiff") to (1) respond to Interrogatories Nos. 2, 3, 4, and 5; (2) produce all non-privileged responsive documents in response to Requests for Production Nos. 51, 52, and 54; and (3) re-open the depositions of six individuals. Both parties request an award of attorney's fees and costs. For the reasons set forth below, the Court DENIES Defendant's Motion to Compel and GRANTS Plaintiff's request for attorney's fees and costs.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On April 13, 2015, Plaintiff, on behalf of himself and all others similarly situated, filed a First Amended Complaint ("FAC") against Defendant for (1) recovery of unpaid wages; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to provide accurate itemized wage statements; (5) failure to reimburse business expenses; (6) failure to timely pay wages upon separation; (7) civil penalties under Labor Code Private Attorney General Act of 2004, Labor Code 2698, *et seq.*; and (8) unfair business practices. ECF Docket No. ("Dkt.") 26.

Plaintiff alleges Defendant illegally classified the General Managers as exempt employees.  Id. at ¶ 7.  On April 30, 2015, Defendant filed an Answer to the FAC.  Dkt. 27.

On July 15, 2015, the Court issued a Protective Order pursuant to the parties' stipulation providing a procedure whereby putative class members would have an opportunity to opt out of having their contact information provided to Plaintiff's counsel.  Dkt. 31.  Thereafter, Plaintiff's representatives were permitted to contact the individuals to discover whether they have knowledge of the alleged Labor Code violations and alleged unfair business practices.  Id. at ¶ 4.  The Protective Order also provided "Plaintiff shall keep the names and contact information of putative class members and any information discovered by this process confidential, and shall use such information only for purposes of investigating, prosecuting and/or settlement of this litigation only[.]"  Id. at ¶ 5.

On September 11, 2015, after all putative class members had been given thirty days to opt out of having their contact information provided to Plaintiff's counsel and a class list was provided to Plaintiff's counsel, Plaintiff's counsel sent a mass mailing to all of the putative class members.  Dkt. 49-1, Declaration of Brennan S. Kahn in support of Plaintiff's Opposition to Ex Parte Application to Continue Class Certification Briefing ("Kahn Decl."), ¶ 5-6, Ex. D.  Defendant believes this letter constitutes solicitation prohibited by the July 15, 2015 Protective Order.  Dkt. 62, Joint Stipulation re: Motion to Compel ("JS") at 6-7.

On October 14, 2015, Plaintiff filed a Motion for Class Certification seeking to certify the following four classes: (1) Misclassification Class: All persons employed by Defendant in California as an exempt General Manager from October 10, 2010 through the date of Judgment; (2) Wage Statement Class: All persons employed by Defendant in California as an exempt General Manager from October 10, 2010 through the date of Judgment, whose wage statements list bonus compensation and reflect eighty hours for a two week pay period; (3) Expense Reimbursement Class: All persons employed by Defendant in California as an exempt General Manager from October 10, 2010 through the date of Judgment, who were not reimbursed for cell phone expenses and/or mileage; and (4) Unfair Business Practices Class: All persons employed by Defendant in California as an exempt General Manager from October 10, 2010 through the date of Judgment, and who are members of either the Wage Statement Class or the Expense Reimbursement Class.  Dkt. 35, Mem. in support of Class Certification Motion; Dkt. 44, Not. of Class Certification Motion; Dkt. 45, Declaration of James M. Trush in support of Plaintiff's Mot. for Class Certification ("Trush Decl.").  Plaintiff submitted forty-eight declarations, including his own, in support of the Class Certification Motion from General Managers during the class period.  Trush Decl., Exs. 31-78.

On October 19, 2015, Defendant served Requests for Production, Set Three, containing Requests Nos. 50 through 53.  Declaration of Christopher K. Petersen in support of Motion to Compel ("Petersen Decl."), Ex. R.

On November 3, 2015, Defendant deposed putative class members Audrae E. Escobar and Veronica Zapata.  Peterson Decl., Exs. K (Escobar Tr.), P (Zapata Tr.).

On November 4, 2015, Defendant deposed putative class members Claudia B. Rivas and Stephen Troy.  Petersen Decl., Exs. M (Rivas Tr.), O (Troy Tr.).

On November 5, 2015, Defendant deposed putative class members Kenia Cardenas and Guadalupe Chavez.  Petersen Decl., Exs. H (Cardenas Tr.), J (Chavez Tr.).

On November 5, 2015, Defendant filed an Ex Parte Application to continue class certification briefing in order to conduct discovery regarding Plaintiff's counsel's conduct and file a disqualification motion.  Dkt. 48, Class Certification Ex Parte.

On November 6, 2015, Defendant served Interrogatories, Set Two, containing Interrogatory Nos. 2 through 4.  Petersen Decl., Ex. S.  On November 6, 2015, Defendant also served Requests for Production, Set Four, containing Request No. 54.  Petersen Decl., Ex. T.

On November 8, 2015, Plaintiff filed an Opposition to Defendant's Ex Parte Application to continue class certification briefing with a Declaration of Brennan S. Kahn in support thereof.  Dkt. 49, Class Certification Ex Parte Opp.; Dkt. 49-1, Kahn Decl.

On November 11, 2015, Defendant served Interrogatories, Set Three, containing Interrogatory No. 5.  Petersen Decl., Ex. U.

On November 12, 2015, the Court summarily denied the Ex Parte Application to continue the class certification briefing without explanation.  Dkt. 50, Class Certification Ex Parte Order.

On November 18, 2015, Plaintiff responded to Requests for Production, Set Three.  Petersen Decl., Ex. V.

On November 20, 2015, Defendant filed an Opposition to the Motion for Class Certification.  Dkt. 51, Class Certification Opp.  Defendant included sixteen declarations from putative class members.  Dkt. 51-21 to 51-36.  On December 18, 2015, Plaintiff filed a Reply along with declarations from five additional putative class members.  Dkt. 52, Class Certification Reply.

On March 16, 2016, the Court issued an order granting in part and denying in part the Class Certification Motion and (1) certifying the Expense Reimbursement Class and the Unfair Business Practices Class; (2) appointing Plaintiff Richard Sinohui as the class representative; and (3) appointing Plaintiff's counsel as class counsel.  Dkt. 55, Class Certification Order.  The Court declined to address Defendant's allegations that Plaintiff's counsel violated the Protective Order and made false or misleading statements when communicating with putative class members.  Id. at 27 n.6.

On December 7, 2015, Plaintiff responded to Interrogatories, Set Two, and Requests for Production, Set Four.  Petersen Decl., Exs. W, X.

On December 11, 2015, Plaintiff responded to Interrogatories, Set Three. Petersen Decl., Ex. Y.

On December 22, 2015, Defendant's counsel sent a letter to Plaintiff's counsel requesting a conference of counsel to resolve the parties' discovery dispute. Petersen Decl., ¶ 20, Ex. DD. On January 20, 2016, Plaintiff's counsel sent Defendant's counsel a letter responding to Defendant's counsel's concerns. Petersen Decl., ¶ 20, Ex. EE. On February 4, 2016 and February 11, 2016, counsel for both parties met to discuss the discovery issues, but were unable to resolve any issues. Petersen Decl., ¶ 20.

On April 14, 2016, Defendant filed the instant Motion to Compel seeking to compel Plaintiff to (1) respond to Interrogatories Nos. 2, 3, 4, and 5; (2) produce all non-privileged responsive documents in response to Requests for Production Nos. 51, 52, and 54; and (3) re-open the depositions of Audrae Escobar, Veronica Zapata, Claudia Rivas, Stephen Troy, Kenia Cardenas, and Guadalupe Chavez. See Dkt. 61, Notice of Motion. Defendant also requests an order requiring Plaintiff and/or his attorneys to pay Defendant's attorney's fees and costs incurred in bringing the Motion to Compel "as sanctions for their conduct in connection with discovery." Id. Plaintiff's Opposition to the Motion to Compel as set forth in the Joint Stipulation incorporates the Declaration of Brennan S. Kahn in support of Plaintiff's Ex Parte Opposition. Dkt. 62, JS at 33 n.6[1]; Petersen Decl., Ex. AA ("Kahn Decl."). Plaintiff also requests his attorney's fees and costs incurred in opposing the Motion to Compel. JS at 101. On April 21, 2016, Defendant filed a Supplemental Brief in support of the Motion to Compel. Dkt. 64. Plaintiff did not file any supplemental brief.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).[2] Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed"

---

[1] The Court refers to the pages of the Joint Stipulation as they are numbered by the Court's electronic docketing system.

[2] Defendant argues the scope of discovery is "'construed broadly to encompass any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" JS at 19-20 (quoting Wit v. United Behavioral Health, No. 14-CV-
(continued . . . )

if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C -13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013).

The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); Goes Int'l, AB v. Dodur Ltd., No. 14-CV-05666-LB, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case"); Razo v. Timec Co., Inc., No. 15-CV-03414-MEJ, 2016 WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016) (same). Moreover, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1). Additionally, under Rule 37(a)(5)(A), if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the filing of the motion to pay reasonable expenses, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order payment if the nondisclosure was substantially justified or if other circumstances make an award unjust. Id. Moreover, under Rule 37(a)(5)(B), if a motion to compel is denied, the Court must award the party who opposed the

---

( . . . continued)
02346-JCS, 2016 WL 258604, at *10 (N.D. Cal. Jan. 21, 2016)). Defendant's argument disregards the clear language of Rule 26(b)(1) as amended in 2000, which limits discovery to "matter that is relevant to any party's *claim or defense*." Fed. R. Civ. P. 26(b)(1) (emphasis added). More disturbingly, Defendant's argument misrepresents the court's holding in Wit, which found the information sought by defendant was relevant to the plaintiffs' claims as set forth in the first amended complaint. Wit, 2016 WL 258604, at *10-11.

motion its reasonable expenses, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5)(B).

### IV.
### DEFENDANT'S MOTION TO COMPEL IS DENIED

**A.     DEFENDANT'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION AND INTERROGATORIES IS DENIED.**

    **1.     Defendant's Requests and Interrogatories**

Defendant's Requests for Production seek the following:

Request for Production No. 51: All COMMUNICATIONS between YOUR attorney(s) and any PUTATIVE CLASS MEMBER in this action since June 10, 2014.

Request for Production No. 52: All DOCUMENTS provided or received by YOU or YOUR attorney(s) to-or from any PUTATIVE CLASS MEMBER.

Request for Production No. 54: Copies of all retainer agreements, whether signed or unsigned, that PLAINTIFF or any of his attorneys sent to or received from any PUTATIVE CLASS MEMBER.

Defendants Interrogatories seek the following:

Interrogatory No. 2: For each and every putative class member represented by any of the attorneys who are counsel for Plaintiff in this action, state the date on which the attorney-client relationship with each putative class member was formed.

Interrogatory No. 3: For each and every putative class member represented by any of the attorneys who are counsel for Plaintiff in this action, state the date on which each putative class member signed a retainer agreement with any of those attorneys.

Interrogatory No. 4: Identify each and every attorney, employee, or agent of either of the law firms representing Plaintiff in this action who has had any communications with a putative class member in this action.

Interrogatory No. 5: For every putative class member with whom any of the attorneys who are counsel for Plaintiff has spoken, identify the date on which such attorney(s) first spoke with the putative class members and who initiated the contact.

///
///
///

2.   **Plaintiff's Responses and Objections**

Plaintiff objects to the Requests for Production and Interrogatories on the grounds they (a) are overly broad, vague, and ambiguous; (b) call for information in violation of the attorney-client privilege and the attorney work product doctrine; (c) call for information in violation of the privacy rights of the putative class members[3]; (d) call for speculation, lack foundation, and call for a legal conclusion; and (e) seek irrelevant information[4].

Plaintiff represented he does not possess any communications between himself and any putative class member in his possession, custody and/or control. Petersen Decl., Ex. V, Response to Request for Production, Set Three, No. 50. Plaintiff's counsel further represented that the only documents Plaintiff possesses from putative class members are emails provided by Vidal Ramos and Claudia Rivas, which have been produced. Kahn Decl., ¶ 27. See Gilead Scis., Inc. v. Merck & Co, Inc., No. 5:13-CV-04057-BLF, 2016 WL 146574, at *2 (N.D. Cal. Jan. 13, 2016) (denying motion to compel, finding "[w]ithout more specific information triggering some reason for doubt, the Court must take the producing party . . . at its word").

3.   **Analysis**

   a.   **Discovery Relevant to a Disqualification Motion Is Only Minimally Relevant to Any Party's Claims Or Defenses, If At All.**

As an initial matter, the Court finds that a disqualification motion is generally not relevant to a party's claims or defenses. See Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013) (finding a disqualification motion is not relevant to a party's claims or defenses).[5] The Court acknowledges adequacy of

---

[3] Plaintiff's failure to specifically object in his responses does not waive the putative class members' constitutionally protected privacy rights. See Heda v. Superior Court, 225 Cal. App. 3d 525, 529, 275 Cal. Rptr. 136 (Ct. App. 1990) (finding no waiver of privacy rights by mere failure to state objection in response to interrogatories). Plaintiff's counsel raised the issue in his January 20, 2016 letter responding to Defendant's counsel's prior meet and confer letter. Petersen Decl., ¶ 20, Ex. EE.

[4] While Plaintiff fails to specifically state a relevance objection in response to each discovery request, (a) Plaintiff's counsel raised the issue in his January 20, 2016 meet and confer response, Petersen Decl., ¶ 20, Ex. EE, and (b) the Court has a *sua sponte* obligation to limit discovery that exceeds the scope permitted by Federal Rule of Civil Procedure 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

[5] The court in Bluestone Innovations LLC also held defendant failed to establish good cause for discovery of "any matter relevant to the subject matter involved in the action." Bluestone Innovations LLC, 2013 WL 6354419, at *2. The 2015 Amendments to the Federal Rules of Civil Procedure delete the provision authorizing the court, for good cause, to order discovery of any matter relevant to the subject matter involved in the action, in order to (continued . . .)

class counsel is a relevant consideration in deciding whether to certify a class action. Yumul v. Smart Balance, Inc., No. CV-10-00927-MMM (AJWx), 2010 WL 4352723, at *4 (C.D. Cal. Oct. 8, 2010) ("In determining whether to certify a class in this case . . . unethical conduct by plaintiff's counsel would be a relevant consideration."). However, a class has already been certified in this action. Dkt. 55. Moreover, disqualification motions implicate several important interests such as "a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion." Yumul, 2010 WL 4352723, at *4; see also Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd., 760 F.2d 1045, 1050 (9th Cir. 1985) ("Because of th[e] potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny.") (internal quotation marks and citation omitted)). Accordingly, to the extent Plaintiff's counsel's alleged misconduct may be construed as relevant to Defendant's defenses in this action, in light of the significant danger of tactical abuse and the important interests implicated by disqualification motions, as well as the fact that a class has already been certified, the Court finds it appropriate to subject Defendant's request to strict scrutiny.

### b. Retainer Agreements and the Date of Retainer Agreements

Defendant has agreed the actual retainer agreements sought in Request for Production No. 54 do not need to be produced if Plaintiff identifies on a privilege log who signed the retainer agreements and when. This request is duplicative of Interrogatory Nos. 2 and 3. See JS at 74, 80. Defendant does not explain what this information would be relevant to. JS at 69-70, 79-80.

The date any putative class member signed a retainer agreement is not relevant to establishing whether attorney-client privilege attaches to communications between Plaintiff's counsel and the putative class members. The term "client" is not limited to persons who retain an attorney. Rather, it includes any person who "consults a lawyer for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity." Cal. Evid. Code § 951. Thus, there is no basis to distinguish between putative class members who retained Plaintiff's counsel and those who did not. Tien v. Superior Court, 139 Cal. App. 4th 528, 537, 43 Cal. Rptr. 3d 121, 127 (2006). Hence, Request for Production No. 54 and Interrogatory Nos. 2 and 3 are **DENIED** to the extent they seek information relating to when and whether putative class members signed retainer agreements with Plaintiff's counsel.

---

( . . . continued)
emphasize the importance of the relationship between the discovery and the party's claims or defenses. Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). The comments to the 2015 amendments make clear that this deletion still allows discovery of information such as "other incidents of the same type, or involving the same product"; "information about organizational arrangements or filing systems"; and "information that could be used to impeach a likely witness." Id. This emphasis on the narrowed scope of discovery does not seem to include information directed at discovering the basis for a disqualification motion.

      **c.**      **Names of Attorney's Who Communicated With Putative Class Members**

Defendant argues the names of attorneys who communicated with putative class members sought in Interrogatory No. 4 is relevant to determining "whether all responsive communications with general managers have been produced, or identified on a privilege log." JS at 84. Defendant's desire to double-check Plaintiff's representations is duplicative, and, without evidence that Plaintiff's counsel has failed to produce responsive documents, is not relevant to any claim or defense in the action. Hence, Defendant's Motion to Compel responses to Interrogatory No. 4 is **DENIED**.

      **d.**      **Communications Between Plaintiff's Counsel and Putative Class Members**

In light of Plaintiff's representation he has produced all documents in his possession, custody, or control, it is apparent Defendant's Requests for Production and Interrogatories at issue now seek only communications between Plaintiff's counsel and the putative class members.

Defendant argues the communications between Plaintiff's counsel and the putative class members sought in Requests for Production Nos. 51 and 52 are relevant to (a) the putative class members' potential individual lawsuits for overtime, break, and wage statement claims that were denied class certification and are not part of the instant action; (b) the Reimbursement Class claim regarding cell phone and car use; and (c) Defendant's potential motion to disqualify Plaintiff's counsel, in that the communications would show whether Plaintiff's counsel solicited putative class members in violation of the Protective Order, made misleading statements to putative class members, or attempted to influence their testimony. JS at 15-16. Defendant summarizes its relevance argument in its Supplemental Brief by explaining improper or misleading witness communications are "quintessential impeachment material" and improper conduct by Plaintiff's counsel may bear on counsel's adequacy to represent the class or provide the basis for disqualification. Def. Suppl. Brief at 2.

To the extent the attorney-client relationship was formed on a date other than the date a retainer agreement was signed, Interrogatory No. 2 also seeks the date Plaintiff's counsel believes the relationship was formed. JS at 74. Defendant argues this information is relevant to "resolving any potential privilege disputes" and whether any solicitation occurred. JS at 74-75. Defendant argues the date when the first verbal contact between Plaintiff's counsel and putative class members occurred sought in Interrogatory No. 5 will "help separate any potentially privileged communications from non-privileged ones." JS at 90.

First, information relating to the putative class members' potential individual lawsuits is not relevant in any way to the claims or defenses in this action. Hence, Defendant's Motion to compel responses to Requests for Production Nos. 51 and 52 is **DENIED** to the extent the

Requests seek communications regarding the putative class members' potential individual lawsuits.

Second, communications between Plaintiff's counsel and the fifty-three putative class members who have retained Plaintiff's counsel are privileged. See Benge v. Superior Court, 131 Cal. App. 3d 336, 345, 182 Cal. Rptr. 275 (Ct. App. 1982) (finding that even assuming petitioner went to the meeting without knowing there would be a discussion about legal issues at work, "it should be presumed that a confidential relationship arose when he heard the comments about the [issue] and the attorneys' advice thereon").

This leaves only the question of whether there are any communications between Plaintiff's counsel and putative class members who did not ultimately retain Plaintiff's counsel and who never sought legal advice. To the extent the non-represented putative class member contacted Plaintiff's counsel first, these communications are subject to privacy protections in this context. See Tien v. Superior Court, 139 Cal. App. 4th 528, 538, 43 Cal. Rptr. 3d 121, 128 (2006) (finding identity of class members who contacted plaintiff's attorneys were protected by privacy rights). "[I]f employees feel their employer will be informed whenever they contact an attorney suing the employer, many would be deterred from exercising their right to consult counsel." Id.

To the extent Plaintiff's counsel contacted the putative class member first as a potential witness, such information is protected by the attorney work-product doctrine. See Fed. R. Civ. P. 26(b)(3)(A). There is nothing preventing Defendant from directly contacting the non-represented putative class members. In fact, Defendant submitted declarations in support of its Class Certification Opposition from sixteen such putative class members. Accordingly, the Court finds Defendant has not met its burden of establishing a substantial need for the information from Plaintiff's counsel sufficient to overcome the attorney work product protection. Fed. R. Civ. P. 26(b)(3)(A) (A party may not discover documents prepared in anticipation of litigation unless the materials are otherwise discoverable and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."). Because the communications are not discoverable, the date when the communications first took place is not relevant. Hence, Defendant's Motion to Compel further responses to Requests for Production, Sets Three and Four, and Interrogatories, Sets Two and Three, is **DENIED**.

B. **DEFENDANT'S MOTION TO REOPEN SIX DEPOSITIONS IS DENIED.**

Defendant requests an order requiring six witnesses to re-appear for deposition to answer questions "which relate to the fact of communications with Plaintiff's counsel and the possible existence of a privilege." JS at 96. Defendant further seeks permission to ask "follow-up questions regarding the content of such communications, leading up to, but prior to, the formation of the attorney-client relationship." Id. It appears the six witness depositions Defendant seeks to re-open are (1) Audrae Escobar; (2) Veronica Zapata; (3) Claudia Rivas; (4) Stephen Troy; (5) Guadalupe Chavez; and (6) Kenia Cardenas. Id. at 95. Each of the witnesses

was represented by Plaintiff's counsel at the time of his or her deposition and acknowledged signing a retainer agreement.

Defendant provides relevant portions of the deposition transcripts for these six witnesses, Petersen Decl., Exs. H, J, K, M, O, and P, and argues Plaintiff's counsel improperly instructed them not to answer questions "(1) whether they had met with Plaintiff's counsel before the deposition; (2) how many times they had spoken with Plaintiff's counsel by telephone; (3) when they first spoke to Plaintiff's counsel; (4) who initiated the first contact between them; and (5) whether the first contact was by telephone." Id. However, the Court's review of the transcripts shows that while Plaintiff's counsel was aggressive in his objections, the majority of the information Defendant now argues it seeks was provided. For example, Ms. Cardenas testified the first time she spoke with Plaintiff's counsel was about three or four months before her deposition. Petersen Decl., Ex. H at 8. Defendant's counsel did not ask Ms. Cardenas whether she spoke with counsel in preparation for the deposition. Petersen Decl., Ex. H. Ms. Chavez indicated she did not remember when her first contact with Plaintiff's counsel occurred. Petersen Decl., Ex. J at 5. Ms. Escobar stated without objection that she had spoken to Plaintiff's counsel prior to her deposition by telephone. Petersen Decl., Ex. K at 5-6. Ms. Rivas estimated her first contact with Plaintiff's counsel was in September 2015. Petersen Decl., Ex. M at 5. Mr. Troy estimated the first time he spoke with Plaintiff's counsel was in October 2015. Petersen Decl., Ex. O at 4. Ms. Zapata testified the first contact she had with Plaintiff's counsel was the September 11, 2015 mass mailing. Petersen Decl., Ex. P at 5.

The only question it appears all of the witnesses were instructed not to answer, if asked, was who initiated the contact. While it is unclear how the answer to this question might reveal privileged information, it is not particularly relevant to whether the substance of the communication is privileged. See, e.g., Benge, 131 Cal. App. 3d at 345. Moreover, a number of Plaintiff's counsel's objections on the basis of privilege appear wholly appropriate. For example, Defendant's counsel repeatedly asked Ms. Chavez about the contents of communications with Plaintiff's counsel before she "retained" Plaintiff's counsel. Petersen Decl., Ex. J at 8. However, as discussed above, the subject of communications prior to actually "retaining" an attorney may also be privileged. In light of the purpose for which Defendant seeks this information and the obvious burden of reopening six depositions, the Court **DENIES** Defendant's Motion to reopen the depositions.

C.    **PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS IS GRANTED.**

Under Rule 37(a)(5)(B), if a motion to compel is denied, the Court must award the party who opposed the motion its reasonable expenses, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B). Defendant's Motion to Compel is denied in its entirety and the Court finds the Motion was not substantially justified. Hence, Plaintiff's request for an award of reasonable costs and expenses incurred in opposing the Motion to Compel is GRANTED.

Plaintiff may file a declaration regarding the amount reasonably incurred in opposing the Motion to Compel **no later than May 24, 2016**.  Defendant may file objections to Plaintiff's declaration **no later than May 31, 2016**.

## V.
## CONCLUSION

**IT IS THEREFORE ORDERED** that (1) Defendant's Motion to Compel is DENIED as detailed above; and (2) Plaintiff's request for reasonable expenses is GRANTED.