UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 14-2516-JLS (KKx)** | Date | June 7, 2016 |
| Title | *Richard Sinohui v. CEC Entertainment, Inc.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order Awarding Plaintiff's Reasonable Attorney's Fees and Costs Re: Defendant's Motion to Compel [Dkt. 61]

## I.
## INTRODUCTION

On May 11, 2016, the Court denied Defendant CEC Entertainment, Inc.'s ("Defendant") Motion to Compel Responses to Requests for Production of Documents and Interrogatories ("Motion to Compel") and found an award of reasonable attorney's fees and costs to Plaintiff Richard Sinohui ("Plaintiff") were warranted. ECF Docket No. ("Dkt.") 67. On May 23, 2016, Plaintiff filed declarations from his counsel Brennan S. Kahn and James M. Trush regarding the fees and costs incurred in opposing Defendant's Motion to Compel and requesting an award of $20,737.50. Dkt. 72, Kahn Decl.; Dkt. 72-1, Trush Decl. According to the declarations, Mr. Kahn spent a total of 31.75 hours conferring with Defendant's counsel and opposing Defendant's Motion to Compel at an hourly rate of $450.00 and Mr. Trush spent a total of 8.6 hours at an hourly rate of $750.00. Id.

On May 31, 2016, Defendant filed objections to Plaintiff's declarations with a supporting declaration from Defendant's counsel, Christopher Petersen. Dkt. 74, Objs.; Dkt. 74-1, Petersen Decl. Defendant objects to the hourly rates of Plaintiff's counsel and argues Plaintiff's counsel should not be awarded fees for time spent on (a) clerical tasks such as scheduling meetings with Defendant's counsel, (b) having two attorneys attend a telephonic conference with Defendant's counsel, and (c) excessive time spent preparing correspondence and the Joint Stipulation. Id.

For the reasons set forth below, the Court awards Plaintiff reasonable attorney's fees and costs in the sum of $10,976.25.

## II.
## LEGAL STANDARD

Under Rule 37(a)(5)(B), if a motion to compel is denied, the Court must award the party who opposed the motion its reasonable expenses, including attorney's fees, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(B).

When an award of attorney's fees is authorized, the court must calculate the proper amount of the award to ensure that it is reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). Reasonableness is generally determined using the "lodestar" method, where a court considers the work completed by the attorneys and multiplies "the number of hours reasonably expended on the litigation by the reasonable hourly rate." Gracie v. Gracie, 217 F.3d 1060, 1070 (9th Cir. 2000) (internal citations omitted). The moving party has the burden to produce evidence that the rates and hours worked are reasonable. See Intel Corp. v. Terabyte Int'l, 6 F.3d 614, 623 (9th Cir. 1983).

## III.
## DISCUSSION

Here, Defendant's Motion to Compel was denied in its entirety and the Court found the Motion was not substantially justified. Hence, Plaintiff's request for an award of reasonable costs and expenses incurred in opposing the Motion to Compel was granted. However, as discussed below, the Court finds the requested amounts unreasonable and, thus, reduces the sum to be awarded accordingly.

### A. Reasonableness of Hours Spent

First, the Court will not award attorney fees for activities that can be classified as secretarial or clerical in nature. Jones v. Corbis Corp., No. CV 10-8668-SVW (CWx), 2011 WL 4526084, at *5 (C.D. Cal. Aug. 24, 2011) ("Activities that can be classified as secretarial or clerical in nature generally cannot be recovered as attorney's fees under the lodestar methodology"), aff'd, 489 F. App'x 155 (9th Cir. 2012); see also Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989) (holding that an attorney may not seek reimbursement for purely clerical or secretarial tasks). As the Ninth Circuit has stated, "[i]t simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost." Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992), opinion vacated in part on denial of reh'g on other grounds, 984 F.2d 345 (9th Cir. 1993). Moreover, the Court may exclude any hours that are excessive, redundant, or otherwise unnecessary. Hensley, 461 U.S. at 434.

Second, the Court finds it is excessive and unnecessary for Mr. Kahn to bill 2.0 hours and Mr. Trush to bill 0.8 hours to exchange emails regarding scheduling a meet and confer conference. This work could also be characterized as clerical in nature.

Third, the Court declines to award fees for time spent by Mr. Kahn on January 16, 2016 preparing a letter requesting an extension to respond to Defendant's December 22, 2015 correspondence as this time did not further resolution of the discovery dispute at issue.

Finally, the Court finds the time Mr. Kahn spent preparing a substantive response to the December 22, 2016 correspondence, 7.75 hours, and Plaintiff's portion of the Joint Stipulation, 15.3 hours, to be excessive for an eighth year employment litigation associate. First, Plaintiff's counsel had already made similar arguments in opposing Defendant's Ex Parte Application to Continue Class Certification. See Dkt. 49. Second, even though the Joint Stipulation is over a hundred pages, Plaintiff's arguments and legal authority are repetitive. See Dkt. 62. Hence, the Court finds it appropriate to strike 5.0 hours from the preparation of the responsive correspondence and 8.5 hours from preparation of the Joint Stipulation. See Hensley, 461 U.S. at 434.

The following is a chart of the time claimed by Mr. Kahn in opposing Defendant's Motion to Compel and the Court's reasonableness reductions:

| Date | Task | Time Spent | Reduction |
|---|---|---|---|
| 12/28/15 | Review letter from Defendant and confer with co-counsel | 1.0 | 0 |
| 1/16/16 | Draft email requesting extension to respond to 12/22/15 letter | 0.5 | 0.5 |
| 1/19/16 | Draft substantive response to 12/22/16 letter | 6.25 | 4.0 |
| 1/20/16 | Revise response to 12/22/16 letter | 1.5 | 1.0 |
| 1/27/16 | Confer with co-counsel re: strategy | 0.25 | 0 |
| 1/29/16 | Email re: scheduling meet and confer and legal research | 1.8 | 0.3 |
| 2/1/16 | Email exchange re: scheduling meet and confer | 1.2 | 1.2 |
| 2/2/16 | Email exchange re: scheduling meet and confer | 0.25 | 0.25 |
| 2/9/16 | Email exchange re: scheduling meet and confer | 0.25 | 0.25 |
| 2/11/16 | Prepare for and participate in meet and confer | 1.3 | 0 |
| 4/6/16 | Confer with co-counsel re: strategy | 0.4 | 0 |
| 4/12/16 | Draft Plaintiff's portion of Joint Stipulation | 5.0 | 2.5 |
| 4/13/16 | Draft Plaintiff's portion of Joint Stipulation | 8.5 | 6.0 |
| 4/14/16 | Revise and finalize Plaintiff's portion of Joint Stipulation | 1.8 | 0 |
| 5/23/16 | Prepare declaration in support of request for attorney's fees | 1.75 | 0 |
| | | **Total Reduction** | 16 |

Accordingly, the Court finds it reasonable for Mr. Kahn to have spent 15.75 hours in connection with opposing Defendant's Motion to Compel.

The following is a chart of the time claimed by Mr. Trush in opposing Defendant's Motion to Compel and the Court's reasonableness reductions:

| Date | Task | Time Spent | Reduction |
|---|---|---|---|
| 12/22/15 | Review letter from Defendant | 1.2 | 0 |
| 1/20/16 | Review and revise response to 12/22/16 letter | .8 | 0 |
| 1/27/16 | Review discovery documents and confer with co-counsel re: strategy | .5 | 0 |
| 2/1/16 – 2/2/16 | Email exchange re: scheduling meet and confer | .8 | .8 |
| 2/3/16 | Prepare for meet and confer | 1.2 | 0 |
| 2/4/16 | Participate in meet and confer | 1 | 0 |
| 2/11/16 | Prepare for and participate in meet and confer | 1.3 | 0 |
| 4/6/16 | Confer with co-counsel re: strategy and review Defendant's portion of Joint Stipulation | .9 | 0 |
| 4/13/16 | Review and revise Plaintiff's portion of Joint Stipulation | .9 | 0 |
| | | **Total Reduction** | 0.8 |

Accordingly, the Court finds it reasonable for Mr. Trush to have spent 7.8 hours in connection with opposing Defendant's Motion to Compel.

### B.     Reasonableness of Counsel's Rates

To assist the Court in calculating the lodestar, the fee applicant must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 895-96 n.11 (1984).  The relevant community is that in which the district court sits.  See Schwarz v. Sec'y of Health and Human Serv., 73 F.3d 895, 906 (9th Cir. 1995).

Plaintiff's counsel seeks hourly rates of $450.00 for Mr. Kahn and $750.00 for Mr. Trush.  As evidence that these rates are reasonable, Plaintiff's counsel attests to each attorney's experience in employment and class action litigation, and success in law school.  Kahn Decl., ¶¶ 3-11; Trush Decl., ¶¶ 13-16; see United Steelworkers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990) ( "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determination in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.").  Mr. Trush also states his hourly rate has been approved in connection with wage an hour class actions in California District Courts.  Trush Decl., ¶ 12.

However, after reviewing awards in similar cases, the Court concludes that the hourly rates Plaintiff's counsel seeks are excessive for this case.  The Court finds hourly rates of $650.00 for Mr. Trush and $375.00 for Mr. Kahn to be reasonable.  <u>See, e.g.</u>, <u>Gonzalez v. S. Wine & Spirits of Am. Inc.</u>, No. 2:11-CV-05849-ODW, 2014 WL 1630674, at *3 (C.D. Cal. Apr. 24, 2014) (class action wage and hour case).

In summary, the Court awards Mr. Kahn 15.75 hours at $375.00 per hour, for a total of $5,906.25 and Mr. Trush 7.8 hours at $650.00 per hour, for a total of $5,070.00.  Accordingly, the Court finds an award of $10,976.25 to be reasonable under the circumstances of this case.

### IV.
### CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant shall pay to Plaintiff the sum of $10,976.25 as reasonable attorney's fees and costs pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) **no later than June 22, 2016**.