UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.:  5:14-cv-02516-JLS-KK                                          Date: October 02, 2018
Title:  Richard Sinohui v. CEC Entertainment, Inc.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                      Not Present

**PROCEEDINGS:**  (IN CHAMBERS) ORDER (1) GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT (Doc. 133) (2) GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS (Doc. 126)

Before the Court are two unopposed Motions filed by Plaintiff Richard Sinohui, seeking final approval of the class action settlement and approval of the requested attorneys' fees, costs, and class representative enhancement.  (Final Approval Mot., Doc. 133; Fee Mot., Doc. 126.).  Having reviewed the papers, held a fairness hearing, and taken the matter under submission, the Court GRANTS the Motion for Final Approval of the Class Action Settlement and GRANTS the Motion for Attorneys' Fees, Costs, and Class Representative Enhancement, with certain modifications to the requested fees.

**I.      BACKGROUND**

   **A.      Procedural History**

Defendant CEC Entertainment, Inc. employed Sinohui as a general manager at its restaurant facility in Murrieta, California from approximately March 2012 through May 2014.  (FAC ¶ 8, Doc. 26.)  On October 10, 2014, Sinohui filed a wage and hour class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  5:14-cv-02516-JLS-KK | Date: October 02, 2018 |
| Title:  Richard Sinohui v. CEC Entertainment, Inc. | |

action against CEC.  (Compl., Doc. 1-2.)  CEC removed the lawsuit to this Court, and Sinohui filed a First Amended Complaint.  (Notice of Removal, Doc. 1; FAC.)  In his FAC, Sinohui alleges the following claims: (1) failure to pay overtime pay for all overtime hours worked, Cal. Lab. Code § 510(a); (2) failure to provide meal periods, Cal. Lab. Code § 226.7; (3) failure to authorize and permit rest periods, Cal. Lab. Code § 516; (4) failure to provide accurate itemized wage statements, Cal. Lab. Code § 226(a); (5) failure to reimburse for business expenses, Cal. Lab. Code § 2802; (6) failure to pay timely wages upon separation from employment, Cal. Lab. Code § 203; and (7) unfair business practices, Cal. Bus. & Prof. Code § 17200.  (FAC ¶¶ 7, 44–114, 148–156.)  Sinohui also made a claim for civil penalties under the Labor Code Private Attorneys General Act (PAGA), Cal. Lab. Code § 2698.  (*Id.* ¶¶ 115–147.)

On January 9, 2015, CEC moved to dismiss four of the eight causes of action in the complaint, for meal and rest break violations, unfair business practices, and PAGA penalties.  (MTD, Doc. 13.)  The Court granted the motion to dismiss as to the meal and rest break violations, and denied it as to the unfair competition and PAGA claims.  (Doc. 25.)  On March 16, 2016, the Court certified two classes: one of former employees with expense reimbursement claims related to cell phones and mileage, and one for unfair business practices.  (Order on Class Cert., Doc. 55.)  The Court declined to certify a wage statement or misclassification class.  (*Id.*)  On April 1, 2016, CEC again moved to dismiss or strike the PAGA claims.  (MTD or Strike, Doc. 57.)  The Court granted the motion to dismiss.  (Doc. 77.)   The parties then engaged in discovery, informal exchange of documents, and settlement negotiations.  Plaintiff filed a Notice of Settlement on May 5, 2017.  (Doc. 105.)

On December 13, 2017, the Court preliminary approved a proposed settlement and approved the appointment of Rust Consulting as the claims administrator in this action.  (Prelim. Approval Order, Doc. 119.)  The Court also conditionally certified a settlement class that differed slightly from the previously-certified class.  (*Id.* at 7.)  The class consists of "all persons employed by CEC Entertainment, Inc. dba Chuck-E-Cheese in California as Exempt General Manager from October 10, 2010 through July 28, 2016, who were not reimbursed for cell phone expenses and/or mileage and did not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:14-cv-02516-JLS-KK   Date: October 02, 2018
Title: Richard Sinohui v. CEC Entertainment, Inc.

subsequently exclude themselves from the class by returning an Exclusion Form postcard to the CPT Group, Inc." (*Id.* at 4.) The Court then set a final fairness hearing for June 15, 2018. (*Id.* at 17.) In its Order, the Court noted that it had denied a previous Motion for Preliminary Approval filed by Sinohui because the motion "did not provide sufficient information for the Court to evaluate whether the settlement was fair and reasonable" and due to concerns about the class definition. (*Id.* at 2.) The Court's Order required the parties to make certain modifications to the proposed content of the class notice. (*Id.* at 14–17.) On December 22, 2017, the Court approved the form and content of the revised class notice. (Doc. 120.)

On February 1, 2018, the parties filed a Joint Stipulation, informing the Court that due to a miscommunication between Rust Consulting and the parties, the Motion for Preliminary Approval had underestimated the anticipated cost of settlement administration. (Joint Stipulation at 2, Doc. 122.) The parties explained that the initial bid was for $4,634, but the revised cost estimate was $8,000. (*Id.* at 2–3.) The parties asked the Court to modify the Preliminary Approval Order to reflect the difference in cost, including that the net settlement amount for class members would be reduced from $155,669.00, or $1,037.99 per each of the 150 members, to $152,333.00, or $1,015.55 per each of the 150 class members.[1] (*Id.* at 3.) On February 12, 2018, the Court granted the stipulation, including an approval of a revised class notice reflecting the changes. (Doc. 123.)

On June 6, 2018, the Court continued the Final Fairness hearing to September 21, 2018 at 2:30 p.m. and denied without prejudice the Motion for Approval of Attorneys' Fees. (Order, Doc. 125.) The Court did so because of the untimeliness of, and deficiencies in, the fee application. (*Id.* at 1.) Instead of filing separate motions for Final Approval of the Settlement and Final Approval of Attorneys' Fees as the Court had directed, class counsel filed one joint motion eleven days after the objection deadline. (*Id.*) Noting the serious issues with requiring class members to object before having had

---

[1] The Joint Stipulation states that the fund would have a net settlement amount of $152,303.00, or $1,015.35 per class member, but the Court's calculations based on the proposed deductions differ slightly as set forth in this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:14-cv-02516-JLS-KK                                                        Date: October 02, 2018
Title:  Richard Sinohui v. CEC Entertainment, Inc.

the opportunity to review a fee motion, the Court ordered class counsel to file a new fee application within fourteen days of the Order along with a short notice to class members of their right to review the fee application and to object within forty-five days.  (*Id.* at 2.)  The Court further ordered class counsel to file a renewed Motion for Final Approval fifteen days after the new objection deadline.  (*Id.*)

On June 20, 2018, class counsel filed a new Motion for Approval of Attorneys' Fees along with a supplemental notice.  (Doc. 126.)  On July 2, 2018, the Court approved the form and content of the notice.  (Doc. 130.)  The objection deadline was August 24, 2018.  (*See* Schwartz Supp. Decl. (1) ¶ 4, Doc. 131.)  When class counsel failed to file a renewed Motion for Final Approval within fifteen days of this deadline as ordered, the Court issued an Order to Show Cause on September 11, 2018.  (OSC, Doc. 132.)  On September 12, 2018, class counsel responded to the Order and filed a renewed Motion for Final Approval.  (Final Approval Mot., Doc. 133.)  Yet, again, the filing was deficient, as it failed to apprise the Court of the response to the supplemental notice and whether there were objections or requests for exclusions from class members. On September 18, 2018, the Court issued another Order to Show Cause ordering Plaintiffs to file a declaration from the claims administrator. (OSC, Doc. 134.)  On September 20 2018, Plaintiffs provided the Court with a declaration from the administrator describing the response to the supplemental notice.  (Schwartz Supp. Decl. (2), Doc. 135.)

### B. The Settlement

The Settlement provides for a full-distribution, non-reversionary settlement of $275,000.  (Settlement Agreement, Trush Decl. Ex. A ¶¶ 13, 30–33, Doc. 133-2).  After accounting for class counsel's requested attorneys' fees in the amount of $91,667.00, litigation costs totaling $20,000, Sinohui's service payment of $3,000, and costs of administering the settlement fund estimated at $8,000, $152,303.00 would remain in the fund to provide settlement payments to each class member.  (*Id.* ¶¶ 30–33.)  This amount would be divided among class members, each of whom would receive a pro rata share based on number of workweeks.  If each class member were to receive a flat amount from the fund, each would receive $1,015.35.  The pro rata share accounts for the fact

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.:  5:14-cv-02516-JLS-KK | Date: October 02, 2018 |
| Title:  Richard Sinohui v. CEC Entertainment, Inc. | |

that some class members worked for CEC for a longer period of time and therefore incurred a larger share of unreimbursed business expenses.

In return for net settlement fund payments, Sinohui and settlement class members fully release and discharge CEC and affiliated entities and agents from the following:

> all claims for recovery under California Labor Code Section 2802, including all related damages, penalties, interest, fees, costs and other amounts recoverable under Labor Code section 2802, and expressly exclud[ing] from its definition any other actual or potential claims which Plaintiff and/or the Class Members may possess, including, but not limited to, any claims for wrongful termination, any claims which may be asserted under California's Fair Employment and Housing Act, any other wage-based claims found under California Labor Act (such as Labor Code §§ 201, 202, 203, 204, 210, 218, 218.1, 218.5, 226, 226.3, 226.7, 510, 512, 558, 1174, 1174.5, 1182.12, 1192, 1194, 1194.2, 1197, 1198, 2699), any claims which may be asserted under California's Worker's Compensation laws, any claims in tort, equity or contract, and/or any other claims which may be filed or submitted in any civil, judicial, or administrative forum unrelated to any claims and/or damages arising from an alleged violation of California Labor Code Section 2802.

(Settlement Agreement ¶¶ 20, 22.)

**C.    Notice and Response**

Notice was sent to class members pursuant to the method approved by the Court. The Notice (and subsequent changes) adequately describes the litigation and the scope of the involved class. (*See* Revised Class Notice, Ex. C. to Joint Stipulation, Doc. 122.) Additionally, the Notice explains (1) the amount and makeup of the Settlement Fund; (2) the plan of allocation; (3) that Sinohui's Counsel and Sinohui will apply for attorneys'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:14-cv-02516-JLS-KK                    Date: October 02, 2018
Title: Richard Sinohui v. CEC Entertainment, Inc.

fees, costs, and a service award; and (4) class members' options to participate, opt out, or object to the settlement. (*Id*.)

Counsel for CEC provided the settlement administrator Rust with a mailing list containing the names, last known addresses, phone numbers, social security numbers, and start and end dates worked during the class period for 147 class members. (Schwartz Decl. ¶ 6, Doc. 124-5.) On February 5, 2018, Class Notices were mailed to the 147 class members via First Class mail. (*Id*. ¶ 7.) The notice advised class members that they could submit a request for exclusion, dispute their works weeks, or object by April 16, 2018. (*Id*.) As of April 26, 2018, Rust had received zero requests for exclusion, objections, or disputes. (*Id*. ¶¶ 10–12.) After the initial mailing, 12 notices were returned as undeliverable. (*Id*. ¶ 8.) Rust performed address traces on those class notices and was able to find forwarding addresses for nine of the 12 class members. (*Id*.) Rust re-sent the notice to the nine more current addresses; the other three addresses remained undeliverable. (*Id*.) In addition, four notices were returned with forwarding addresses. (*Id*. ¶ 9.) Rust re-mailed the four notices to the forwarding addresses via first class mail. (*Id*.)

As noted above, the notices originally sent were partially deficient because they required class members to object prior to the filing of a fee application by class counsel. Thus, supplemental notices were sent to the 147 class members notifying them of their right to object by August 24, 2018. (Schwartz Supp. Decl. (1) ¶ 4.) As of September 20, 2018, Rust has received no objections based on the supplemental notice. (Schwartz Supp. Decl. (2) ¶ 6.)

## II.    <u>CONDITIONAL CERTIFICATION OF THE CLASS</u>

In its Preliminary Approval Order, the Court discussed the propriety of conditional class certification for the purposes of settlement in light of its prior certification of the class. (Prelim. Approval Order at 7.) The Court also previously discussed Sinohui's adequacy as Class Representative and Sinohui's Counsel as Class Counsel. (Order re: Motion for Class Cert. at 26–27, Doc. 55.) The Court sees no reason to depart from its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:14-cv-02516-JLS-KK                                  Date: October 02, 2018
Title: Richard Sinohui v. CEC Entertainment, Inc.

previous conclusion regarding the existence of a proper settlement class, its appointment of Sinohui as Class Representative, or its appointment of Class Counsel. The Court therefore incorporates its class certification analysis from the Preliminary Approval Order and the Class Certification Order into the instant Order.

Accordingly, the Court GRANTS the Motion as to final approval of conditional class certification for the purposes of settlement.

### III.     FINAL APPROVAL OF CLASS ACTION SETTLEMENT

#### A.     Legal Standard

Before approving a class-action settlement, Rule 23 of the Federal Rules of Civil Procedure requires the Court to determine whether the proposed settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: (1) the strength of plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed, and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Staton v. Boeing Co.*, 327 F.3d 938, 959 (9th Cir. 2003) (citation and internal quotation marks omitted).[2] "The relative degree of importance to be attached to any particular factor will depend upon and be dictated by the nature of the claim(s) advanced, the type(s) of relief sought, and the unique facts and circumstances presented by each individual case." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). "It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness, and the settlement must

---

[2] Factor (7), the presence of a governmental participant, does not apply to this case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:14-cv-02516-JLS-KK                     Date: October 02, 2018
Title: Richard Sinohui v. CEC Entertainment, Inc.

stand or fall in its entirety." *Staton*, 327 F.3d at 960 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

In addition to these factors, where "a settlement agreement is negotiated *prior* to formal class certification," the Court must also satisfy itself that "the settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011) (citations and internal quotation marks omitted) (emphasis in original). Accordingly, the Court must look for explicit collusion and "more subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *Id.* at 947. Such signs include (1) "when counsel receive a disproportionate distribution of the settlement," (2) "when the parties negotiate a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds," and (3) "when the parties arrange for fees not awarded to revert to defendants rather than be added to the class fund." *Id.* (internal citations and quotation marks omitted).

**B.    Discussion**

In its Preliminary Approval Order, the Court evaluated each of the factors identified above to determine whether the Settlement is fair, reasonable, and adequate under Rule 23. (Prelim. Approval Order at 7–13.) The Court determined that the following factors weighed in favor of approval: (1) the strength of Sinohui's case; (2) the risk, complexity, and likely duration of further litigation; (3) the risk of maintaining class certification; (4) the amount offered in settlement; (5) the stage of the proceedings and extent of discovery completed; and (6) the experience and views of class counsel. (*Id.*) The Court was also satisfied that there were no signs of collusion between the parties. (*Id.* at 13–14.) Although the higher-than-expected settlement administration cost slightly reduces the settlement amount available to class members, it does not have a material

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:14-cv-02516-JLS-KK                                             Date: October 02, 2018
Title: Richard Sinohui v. CEC Entertainment, Inc.

impact on the favorability of the amount offered.[3]  Therefore, the Court sees no reason to depart from its previous conclusion as to these factors.  The Court therefore incorporates its analysis from the Preliminary Approval Order into the instant Order.

At the time of preliminary approval, however, Sinohui did not provide evidence of class members' reactions to the proposed Settlement Agreement.  (*Id.* at 13)  Since that time, Rust sent 147 notices to class members by first-class mail.  (Schwartz Decl. ¶ 7.)  Rust received zero written objections, disputes, or requests for exclusion to the Settlement.  (*Id*. ¶¶ 10–12.)   Furthermore, there were also no objections based on the supplemental notice.  (*See* Schwartz Supp. Decl. (2) ¶6.)  A small number of objections at the time of the fairness hearing may raise a presumption that the settlement is favorable to the class.  *See In re Omnivision Techs., Inc.*, 559 F. Supp. 2d at 1043.  Considering the lack of any objections or requests for exclusion, this factor weighs in favor of granting approval.[4]

Considering all of the factors together, the Court concludes that the settlement is fair, reasonable, and adequate.  Accordingly, the Court GRANTS Plaintiff's Motion for Final Approval of the Class Action Settlement.

---

[3] In its Preliminary Approval Order, the Court noted that the settlement agreement contemplated a net settlement fund of $155,699.00, and compared this amount to the parties' calculated maximum potential liability of between $207,360.00 and $390,120.00.  (*Id*. at 10–11.)  The Joint Stipulation modified the projected net settlement fund to $152,333.00.  Using this figure, the net settlement fund represents 73.5 percent of the lowest estimate of liability ($207,360.00) and 39 percent of liability of the highest estimate of liability ($390,120.00).  These percentages are substantially similar to the percentages using the slightly higher net settlement fund amount.  (*Id.* at 11.)

[4] The Court notes that in its Preliminary Approval Order it ordered Plaintiffs to provide declarations from class members of their reaction to the Settlement, and class counsel have failed to provide such declarations.  (Prelim. Approval Order at 13.)  Despite this deficiency, the Court finds that the lack of any objections to the settlement warrants this factor weighing in favoring of approval.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:14-cv-02516-JLS-KK                                Date: October 02, 2018
Title: Richard Sinohui v. CEC Entertainment, Inc.

### IV. CLAIMS ADMINISTRATOR COSTS

The Settlement Agreement provides that the chosen Claims Administrator will be paid for its services out of the settlement fund. (Settlement Agreement ¶ 32.) Sinohui requests a payment of $8,000 to Rust for administration. (Final Approval Mem. at 6–7.) This request comports with the amount outlined in the parties' Joint Stipulation. (*See* Joint Stipulation.) The Court finds Sinohui's request reasonable as it is consistent with the estimated costs as modified and each expense has been adequately explained. (*See* Schwartz Decl. ¶ 15.)

Accordingly, the Court GRANTS the Motion as to this payment.

### V. ATTORNEYS' FEES

Sinohui seeks an attorneys' fee award of $91,667.00, which is 33.3% of the Settlement Fund. (Fee Mem. at 2, 9.) For the following reasons, the Court finds the requested award to be excessive and awards attorneys' fees of 30% of the Settlement Fund, which is $82,500.00.

Rule 23 permits a court to award "reasonable attorneys' fees . . . that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "[C]ourts have an independent obligation to ensure that the award, like the settlement itself, is reasonable, even if the parties have already agreed to an amount." *In re Bluetooth Headset Prods.*, 654 F.3d at 941. In the Ninth Circuit, the benchmark for a fee award in common fund cases is 25% of the recovery obtained. *See id*. at 942 ("Where a settlement produces a common fund for the benefit of the entire class, . . . courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record of any 'special circumstances' justifying a departure."). Courts must "justify any increase or decrease from this amount based on circumstances in the record." *Monterrubio v. Best Buy Stores, L.P*., 291 F.R.D. 443, 455 (E.D. Cal. 2013) (citing *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990)). The Ninth Circuit has identified a number of factors the Court may consider in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:14-cv-02516-JLS-KK | Date: October 02, 2018 |
| Title: Richard Sinohui v. CEC Entertainment, Inc. | |

assessing whether an award is reasonable, including: (1) the results achieved, (2) the risk of litigation, (3) the skill required and quality of work, and (4) the contingent nature of the fee and the financial burden carried by the plaintiffs. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002). Counsel's lodestar may also "provide a useful perspective on the reasonableness of a given percentage award." *Id.* at 1050.

### A. Results Achieved

Class counsel achieved a settlement that represents between 39 and 73.5 percent of the maximum potential liability as to those claims that remained after motion practice. (Prelim. Approval Order at 11.) This percentage of recovery exceeds the typical range of accepted wage and hour class action settlements. *See Brown v. CVS Pharmacy, Inc.*, No. 15-CV-7631 PSG (PJWX), 2017 WL 3494297, at *4 (C.D. Cal. Apr. 24, 2017) (finding wage-and-hour settlement representing 27% of the possible recovery reasonable); *Dynabursky v. Alliedbarton Sec. Servs., LP*, No. SA 12-cv-2210-JLS-RNBX, 2016 WL 8921915, at *5–6 (C.D. Cal. Aug. 15, 2016) (finding settlement amount of wage and hour class action that constituted 27.5% of estimated damages to be reasonable); *Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 623–24 (N.D. Cal. 2014) (finding settlement amount of a wage and hour class action that equaled between 9% and 27% of the total potential liability to be fair, adequate and reasonable given the uncertainty of continued litigation). Sinohui argues that this exceptional result justifies an upward departure in fees and the Court agrees. The settlement is well above the typical range of similar settlements, and the results achieved are impressive. These results are the primary factor in the Court's decision to award an upward departure from the 25% benchmark to 30% of the fund.

### B. Risk of Litigation

Although Sinohui believes he would have presented a strong case for class certification, he also contends that he would have assumed an even greater risk by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:14-cv-02516-JLS-KK | Date: October 02, 2018 |
| Title: Richard Sinohui v. CEC Entertainment, Inc. | |

continuing to litigate. (Fee Mem. at 11–12.) However, Sinohui fails to show how the risks he faced were significant or unique in relation to other class actions such that a further upward departure from the benchmark is justified. *See, e.g.*, *Vizcaino*, 290 F.3d at 1048 (finding case "extremely risky" when, among other factors, plaintiffs lost twice in district court and there was an absence of supporting precedent); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1209 (C.D. Cal. 2014) (justifying upward departure because of certification of an "unprecedented" class and the interlocutory appeal of class certification order). Accordingly, this factor does not justify a further upward departure from the standard benchmark.

### C. Skill Required and Quality of Work

Sinohui does not specifically address this factor in his papers, but notes that the case "presented far more work than the usual contingent fee case." (Fee Mem. at 12.) The Court does not find this justifies a further upward departure. Counsel does not identify any particular novel or complex legal or factual issue that would support the contention that the skill and quality of the work were beyond what is typically required.
Accordingly, this factor does not justify a further upward departure from the standard benchmark.

### D. Contingent Nature of the Fee

Counsel took this case on a contingent basis and invested a total of 1,349.28 hours prosecuting and resolving the case. (Trush Decl. ¶ 12; Kahn Decl. ¶ 26, Doc. 126-3.) Class counsel have received no compensation for their efforts during the course of litigation, and they undertook representation despite substantial risk that none of their expenses on behalf of the class would be recouped. (Fee Mem. at 11, 13.) "Courts have long recognized that the attorneys' contingent risk is an important factor in determining the fee award and may justify awarding a premium over an attorney's normal hourly rates." *Monterrubio*, 291 F.R.D. at 457 (citing *In re Wash. Pub. Power Supply Sys. Sec.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 5:14-cv-02516-JLS-KK | Date: October 02, 2018 |
| Title: Richard Sinohui v. CEC Entertainment, Inc. | |

*Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)). However, standing alone this factor does not justify an upward departure of the benchmark. *See, e.g.*, *Clayton v. Knight Transp.*, 1:11-cv-00735-SAB, 2013 WL 5877213, at *8 (E.D. Cal. Oct. 30, 2013) (acknowledging that the contingent nature of the fee "is an important factor," but declining to grant an upward departure where "the risks associated with this case are no greater than that [sic] associated with any other wage and hour action and no extraordinary circumstances exist that would support an increase from the 25% benchmark"). Accordingly, because the Court finds that the risks here were no greater than in other wage and hour class actions, this factor does not justify a further upward departure.

    **E.**  **Lodestar Cross-Check**

  To determine the reasonableness of a fee award, courts may compare the percentage-of-the-common-fund with the counsel's lodestar calculations. *Vizcaino*, 290 F.3d at 1050–51. Here, class counsel assert they have spent a total of 1,349.28 hours litigating this action. (Trush Decl. ¶ 12; Kahn Decl. ¶ 26.) While Plaintiffs' initial Motion for Final Approval did not include counsel's billing records, the second fee application does. James Trush used a rate of $750 per hour. (Trush Decl. ¶ 12.) Brennan Kahn used a rate of $500 per hour. (Kahn Decl. ¶ 26.) They estimate that they spent 20% of their total time (about 270 hours) on the claims that are being settled and calculate a lodestar of $168,467.00. (Trush Decl. ¶ 12.)

  The lodestar cross-check first requires the Court to determine whether the hourly rates sought by counsel are reasonable. "[T]he district court must determine a reasonable hourly rate considering the experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). This determination "is not made by reference to rates actually charged [by] the prevailing party." *Id.* The fee applicant bears the burden of showing that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (citation omitted). "Affidavits of the plaintiff['s] attorney

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:14-cv-02516-JLS-KK                                                              Date: October 02, 2018
Title:  Richard Sinohui v. CEC Entertainment, Inc.

and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Courts may also "rely on [their] own familiarity with the legal market." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). As a general rule, the forum district represents the relevant legal community. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992).

   Here, Kahn and Trush request hourly fees of $500 and $750, respectively, but do not provide sufficient evidence showing that these rates are reasonable. Trush requests $750 per hour and argues that "numerous courts" have approved that rate, but does not cite to any particular cases in which courts awarded his requested hourly rate. (*See* Trush Decl. ¶ 12.) Trush has 29 years of experience, with 17 years focusing "almost exclusively" on class actions, including wage and hour actions. (*Id.* ¶¶ 3–4.) Kahn requests $500 per hour. (Kahn Decl. ¶ 26.) As evidence of the reasonableness of this fee, he compares his requested rate to rates charged by lawyers at much larger firms than his own. (*Id.*) Kahn has worked on three class actions prior to this one, and graduated law school 10 years ago. (*Id.* ¶¶ 3, 7.) For attorneys with more than 20 years of relevant experience, this Court has approved of rates of $600 dollar per hour in wage and hour class actions. *See Scott v. HHS, Inc.*, 8:14-cv-01911-JLS-RNB, 2017 WL 7049524, at *7 (C.D. Cal. Dec. 18, 2017); *Ruiz v. JCP Logistics, Inc.*, NO. SACV 13-1908-JLS (ANx), 2016 WL 6156212, at *9 (C.D. Cal. Aug. 12, 2016). The Court also looks to the 2016 Real Rate Report "as a useful guidepost to assess the reasonableness of [] hourly rates in the Central District." *See Luna v. Universal City Studios, LLC*, No. CV 12-9286 PSG (SSx), 2016 WL 10646310, at *8 (C.D. Cal. Sept. 13, 2016). The 2015 hourly rates reported for partners who practice labor and employment law in a Los Angeles firm with fifty or fewer attorneys range from $257 to $365. *See* CEB, 2016 REAL RATE REPORT: LAWYER RATES, TRENDS AND ANALYSIS 177 (Bradley Tingquist et al. eds., 6th ed. 2016). Both Trush and Kahn's firms fall into this category. Thus, accounting for some inflation since 2015 and Trush and Kahn's respective years of experience litigating wage and hour class actions, the Court will use an hourly rate of $550 for Trush and $350 for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:14-cv-02516-JLS-KK                                           Date: October 02, 2018
Title:  Richard Sinohui v. CEC Entertainment, Inc.

Kahn.[5]  Using this lowered rate, the Court calculates class counsel's lodestar as $121,280.80.

Moreover, the Court is not confident in either the accuracy or appropriateness of the number of hours billed by class counsel.  First, the hours worked on the settled claims were approximated by counsel; the billing records understandably do not identify how much time was spent on which claims, making it hard for the Court to determine the reasonableness of the hours approximated for settlement of the relevant claims.  Second, Kahn and Trush billed routine, administrative, or easily delegable tasks at a partner rate.  For example, Kahn billed for tasks such as scanning, redacting, and bates stamping documents and Trush billed for preparing a notice of manual filing.  (*See* Ex. A to Kahn Decl. at 17; Ex. D to Trush Decl. at 13.)   "The trade-off for the higher billing rate that greater experience and specialized knowledge justifies is that more senior attorneys are expected to delegate routine tasks to others with lower billing rates."  *Hernandez v. Grullense*, No. 12-cv-03257-WHO, 2014 WL 1724356, at *11 (N.D. Cal. Apr. 30, 2014).  This consideration casts further doubt on the reasonableness of the number of hours worked at a senior attorney rate.  In light of these concerns, the Court reduces class counsel's lodestar by 10%.  *See Real v. Continental Grp.*, 653 F. Supp. 736, 741 (N.D. Cal. 1987) (reducing the lodestar due to inflated billing).

With the above adjustments in mind, class counsel's lodestar amounts to $109,152.70.  Awarding 30% of the fund ($82,500.00) results in a negative lodestar

---

[5] The Court notes that litigation missteps further support a reduction in the hourly rates.  The Court had to request multiple rounds of briefing before it had sufficient information upon which to grant a Motion for Preliminary Approval.  The Court was then asked to modify the Preliminary Approval Order due to a miscommunication regarding administration costs which reduced, albeit slightly, the recovery to class members.  Then, counsel filed a single motion to seek final approval and fees after the objection deadline.  Even further, after sending out supplemental notice because of counsel's deficient initial fee motion, class counsel failed to timely file a renewed Motion for Final Approval and when it was filed it was again deficient because it failed to apprise the Court of the response to the supplemental notice.  In the Court's experience, such "do-overs" are not typical of class action litigation by experienced counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:14-cv-02516-JLS-KK  Date: October 02, 2018
Title: Richard Sinohui v. CEC Entertainment, Inc.

multiplier of approximately .76. Yet, while the recovery for the class was significant, as discussed above, the Court does not find that counsel's lodestar warrants a further upward departure from the benchmark.

Accordingly, the Court GRANTS Plaintiff's request for attorneys' fees, but amends the amount of the award to 30% of the fund for a total of $82,500.00.

## VI. LITIGATION COSTS

Sinohui requests the Court to approve the reimbursement of $20,000 in litigation expenses and costs. (Mem. at 13.) "Attorneys may recover their reasonable expenses that would typically be billed to paying clients in non-contingency matters." *In re Omnivision*, 559 F. Supp. 2d at 1048. Class counsel have documented their expenses incurred in court filing fees, depositions, travel, expert fees, and mediation fees. (*See* Trush Decl. ¶ 13; Ex. F to Trush Decl.; Kahn Decl. ¶ 30; Ex. B to Kahn Decl.) The actual costs total $20,425.25 "plus an additional $700.00" for fees related to the supplemental notice, but class counsel nonetheless limits its request to the amount requested in the Settlement. (Settlement Agreement ¶ 30.) The Court finds the various expenses adequately documented and reasonable.

Accordingly, the Court GRANTS the Motion as to Sinohui's request for litigation costs.

## VII. CLASS REPRESENTATIVE ENHANCEMENT AWARD

Sinohui seeks a class representative enhancement award of $3,000. (Final Approval Mem. at 8.) Service awards are "discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009) (citing *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000)). "To [further] assess whether an incentive payment is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:14-cv-02516-JLS-KK  Date: October 02, 2018
Title: Richard Sinohui v. CEC Entertainment, Inc.

excessive, district courts balance 'the number of named plaintiffs receiving incentive payments, the proportion of the payments relative to the settlement amount, and the size of each payment.'" *Monterrubio*, 291 F.R.D. at 462 (quoting *Staton*, 327 F.3d at 977). Courts "must 'evaluate [such] awards individually' to detect 'excessive payments to named class members' that may indicate 'the agreement was reached through fraud or collusion.'" *Id*. (quoting *Staton*, 327 F.3d at 975, 977).

Here, Sinohui asserts that he spent numerous hours helping with the case, including: (1) attending numerous meetings with counsel; (2) attending a full-day deposition; (3) searching for and reviewing documents; and (4) providing other essential information to assist in the investigation. (Sinohui Decl. ¶¶ 4–5, Doc. 124-4.) Sinohui estimates that he spent upwards of 150 hours engaged in the litigation. (*Id*. ¶¶ 6–8.) His actions have resulted in a settlement that will provide monetary relief to the settlement class. Moreover, in the context of employment class actions, incentive awards appropriately acknowledge the "reasonable fears of workplace retaliation" experienced by named plaintiffs. *See Campbell v. First Inv'rs Corp.*, No. 11-CV-0548 BEN (WMC), 2012 WL 5373423, at *8 (S.D. Cal. Oct. 29, 2012). The Court therefore finds that it is reasonable to grant approval of a service award under the circumstances.

Further, the requested incentive award of $3,000 is appropriate. The total average recovery for each member of the class is $1,015.55. Sinohui's requested service award is roughly three times this amount. Further, the payment is roughly 1% of the entire settlement amount. Upon weighing the services rendered, the risks undertaken, and the proportion of the requested award relative to the settlement amount and individual class payments, the Court finds that the requested service award of $3,000 is reasonable under the circumstances.

Accordingly, Sinohui is awarded a service payment of $3,000.

## VIII. **CONCLUSION**

The Court finds the settlement to be fair, adequate, and reasonable, and accordingly GRANTS final approval of the settlement. The Court also GRANTS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:14-cv-02516-JLS-KK                                         Date: October 02, 2018
Title:  Richard Sinohui v. CEC Entertainment, Inc.

Plaintiff's motion for attorneys' fees, costs, and service payments.  The Court awards class counsel $20,000 in litigation costs and $82,500 in attorneys' fees, based on an award of 30% of the settlement fund.  The Court also awards a service payment of $3,000 to Sinohui.  Finally, the Court awards $8,000 in claims administration services and expenses to Rust Consulting.  Distribution of the settlement fund to the class shall be made in accordance with the method outlined in the settlement.

  Class Counsel is ordered to file an updated proposed final judgment within **five (5) days** of entry of this Order.

Initials of Preparer:  tg